UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NOOR AYESAH NH, et al.

  Plaintiffs,

  vs.

AHMED HUSSAIN NH, et al.,

  Defendants.

Case No. 1:23-cv-05

Cole, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On January 5, 2023, Plaintiff,[1] proceeding pro se, filed the instant action in the Western Division at Dayton.[2] Plaintiff did not pay the filing fee or apply for in forma pauperis status. However, upon careful review of the 38-page complaint, the undersigned finds that this matter should be *sua sponte* dismissed for failure to state a claim for relief.[3]

While pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action sua sponte if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)).

Here, in the course of reviewing Plaintiff's complaint it has become apparent that Plaintiff's claims are legally frivolous under the *Apple v. Glenn* criteria, and subject to *sua*

---

[1] The docket sheet lists three plaintiffs, "Noor Ayesha NH", "R/a", and "Queen's Girls pg." Upon reviewing the complaint, it appears there is only one plaintiff, presumably Noor Ayesha. For this reason, the Court will refer to a singular plaintiff.
[2] Despite being filed in Dayton, this case was assigned a Cincinnati case number.
[3] Should a reviewing court disagree with the recommendation herein, Plaintiff must then be required to pay the full filing fee or apply for in forma pauperis.

1

*sponte* dismissal. Notably, all the parties, including Plaintiff, appear to be residents of Bangalore, India. Plaintiff's claims appear to relate to an arranged marriage, spousal abuse, divorce and harassment. Generally, the factual allegations are nonsensical, illogical and incomprehensible. The complaint provides no factual content or context from which the Court may reasonably infer that the Defendants violated Plaintiff's rights or that this court has jurisdiction of any of the claims alleged. Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed.

Accordingly, for these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE** for failure to state a claim for relief and for lack of jurisdiction. It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| NOOR AYESAH NH, | Case No. 1:23-cv-05 |
| Plaintiff, | |
| vs. | Cole, J. <br> Bowman, M.J. |
| AHMED HUSSAIN NH, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).