UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**NOOR AYESHA NH,** *et al.***,**
    **Plaintiffs,**

v.

**AHMED HUSSAIN NH,** *et al.***,**
    **Defendants.**

Case No. 1:23-cv-5
**JUDGE DOUGLAS R. COLE**
Magistrate Judge Bowman

## ORDER

Plaintiff Noor Ayesha[1] sued several people, apparently all Indian citizens, asserting various facts about spousal abuse, harassment, and general family drama. (Doc. 1). Noting that Ayesha had neither paid the filing fee, nor applied for in forma pauperis status, the Magistrate Judge sua sponte reviewed the Complaint for frivolousness under *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999). Based on that review, she recommends that the Court dismiss the Complaint for failure to state a claim upon which relief can be granted as it is entirely frivolous. (Doc. 2, #39).

The R&R also advised the parties that failure to object within fourteen days may result in forfeiture of rights, including the right to district court review. (*Id.* at #41). *See Thomas v. Arn*, 474 U.S. 140, 152 (1985); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R ... is forfeiture"); 28 U.S.C. § 636(b)(1)(C).

---

[1] As the Magistrate Judge notes, the docket lists three plaintiffs: "Noor Ayesha NH," "R/a," and "Queen's Girls pg." But the Complaint seems to contemplate only one plaintiff, presumably Noor Ayesha, so the Court proceeds accordingly.

No party objected. Still, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

No such error exists here. The Magistrate Judge capably analyzed the Complaint and concluded that none of the Plaintiff's allegations amount to a claim that belongs in federal court. The Court agrees. As the R&R notes, all parties appear to be residents of India, and the allegations relate—so far as the Court can tell—to events that occurred there. Compounding the problem, many of the allegations are—as the R&R also observed—"nonsensical, illogical, and incomprehensible." (Doc. 2, #40). In sum, even construing the Complaint liberally, Plaintiff's allegations amount to little more than desultory argle-bargle and do not suffice to confer jurisdiction on this Court. *See Apple*, 183 F.3d 477.

The R&R thus correctly recommends dismissal. But there is one wrinkle. The R&R recommends dismissing both for failure to state a claim and for lack of jurisdiction. (Doc. 2, #40). *Apple v. Glenn* provides solely for the latter. 183 F.3d at 480. Thus, the Court **ADOPTS** the R&R (Doc. 2) to the extent that it recommends dismissing for lack of jurisdiction. And that raises one last question. Typically, such dismissals are without prejudice. *See Bardes v. Bush*, Case No. 1:22-cv-290, 2023 WL 2364664, *9 (S.D. Ohio March 6, 2023). True, where a Complaint is legally and factually frivolous, the Court can vary that practice. *Id*. Here, though, while the R&R is correct that many of the allegations are "nonsensical, illogical, and

2

incomprehensible," the larger problem is that the remedy for Ayesha's claimed harms, if she in fact suffered any harm, appears to be more appropriately pursued elsewhere. Thus, out of an abundance of caution, the Court will **DISMISS** the Complaint (Doc. 1) **WITHOUT PREJUDICE** to refiling in a court of competent jurisdiction. The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter on the Court's docket.

    **SO ORDERED.**

June 20, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**